KATHLEEN HEBERT,
v.
PAMELA McCLARITY AND US AGENCIES CASUALTY INSURANCE COMPANY, ET AL.
2009 CA 1491.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
KEITH M. BORNE, Lafayette, LA, Attorney for Defendant/Appellant Safeway Insurance Company of Louisiana.
TODD C. COMEAUX, Baton Rouge, LA, Attorney for Plaintiff/Appellee Kathleen Hebert.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.
CARTER, C.J.
This suit arises from a two-car accident that occurred on March 29, 2001, at the intersection of Iberia and Anderson Streets in Franklin, Louisiana. Ms. Hebert and Ms. McClarity approached the intersection, which is controlled by a three-way stop sign, from opposite directions on Iberia Street. The accident occurred as Ms. Hebert proceeded through the intersection, continuing on Iberia Street, and Ms. McClarity attempted to execute a left turn onto Anderson Street.
Safeway Insurance Company of America (Safeway), Ms. McClarity's insurer, challenges the trial court's finding that Ms. McClarity was 100% at fault in causing the accident. A trier of fact's allocation of fault will not be disturbed unless it is found to be manifestly erroneous or clearly wrong. Hebert v. Rapides Parish Police Jury, 06-2001 (La. 1/16/08), 974 So.2d 635, 654. Ms. Hebert and Ms. McClarity gave conflicting accounts of their actions preceding the accident and disagreed on which car struck which. The trial court credited the testimony of Ms. Hebert over that of Ms. McClarity and also considered that Ms. McClarity is presumed to be negligent because she was executing a left turn. After thorough review, we find no manifest error in the trial court's assessment of fault.
Safeway also challenges the trial court's determination that Ms. Hebert's Bell's Palsy condition was caused by the accident and the trial court's award of general damages based on that determination. Ms. Hebert's treating physician, Dr. Rolan Degeyter, ultimately concluded that the accident aggravated symptoms of Bell's Palsy, which Ms. Hebert periodically suffered from prior to the accident. The trial court gave greater weight to Dr. Degeyter's testimony than that of Dr. Austin Sumner, who examined Ms. Hebert for purposes of trial and who disagreed that the accident caused or aggravated the Bell's Palsy. Considering the conflicting medical testimony, we cannot say that the trial court erred in its determination and in considering the Bell's Palsy in awarding general damages. Nor do we find an abuse of discretion in the trial court's award of $16,060.00, in general damages.
Finally, Safeway contests the trial court's inclusion of medical expenses in the amount of $1,070.20, incurred for an emergency room visit on August 24, 2001, in its award of special damages. We find no error in including the charge for that date. Dr. Degeyter's findings on that date included continued vertigo and facial weakness. We note that these charges were incurred some five months post-accident, and that it is undisputed that Ms. Hebert continued to suffer from symptoms related to the accident during that time. On the record before us, we cannot conclude that the trial court erred in finding that the August 24, 2001 charges were related to the accident and in including them in the special damages awarded.
Considering the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Safeway Insurance Company of Louisiana.
AFFIRMED.